IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| REALHOME SERVICES AND SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RENEE KLUG, <br><br> Defendant. | CIVIL ACTION NO. |

## COMPLAINT

REALHome Services and Solutions, Inc. ("Plaintiff" or "RHSS") files this Complaint against Defendant Renee Klug ("Defendant" or "Klug") and respectfully shows the Court the following:

## NATURE OF THE ACTION

1.

RHSS is seeking a declaration of the parties' rights as to claims Klug has asserted related to her services for RHSS. Specifically, Klug has filed unpaid wage

claims against RHSS[1] in California, asserting that she provided services to RHSS as an "employee" rather than as an independent contractor, as memorialized in Klug's Independent Contractor Agreement.  Klug refuses to dismiss her claims even though they are directly contrary to her agreement with RHSS, effectively forcing RHSS to initiate this action.

## PARTIES

2.

Plaintiff RHSS is a Florida corporation with its principal place of business in Atlanta, Georgia.

3.

Defendant Klug is a California resident, living in Simi Valley, California.

## JURISDICTION AND VENUE

4.

This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs.  The Court also has jurisdiction to issue a declaratory judgment under 28 U.S.C. § 2201.

---

[1] The claims were filed against an RHSS affiliate, Altisource Solutions, Inc. ("Altisource"), but the basis of Klug's claims against Altisource was her work for RHSS.

5.

Venue is proper in this judicial district under Section 11 of Klug's Independent Contractor Agreement, whereby Klug consented to venue in this Court.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

6.

On or about December 27, 2017, Klug executed an Independent Contractor Agreement ("ICA"), in which she agreed to provide services to RHSS as an independent, licensed real estate salesperson. (A true and correct copy of Klug's ICA (redacted for personal information) is attached hereto as Exhibit 1.)

7.

Klug is a real estate salesperson licensed in California (License ID 01701094).

8.

Klug provided services to RHSS as an independent, licensed real estate agent from January 2018 until the termination of her services in October 2018.

9.

In California, a licensed real estate salesperson is permitted by statute to choose to be either an employee or independent contractor. (*See* Bus. & Prof. Code § 10032(b) ("A real estate broker and a real estate salesperson licensed under that

broker may contract between themselves as independent contractors or as employer and employee, for purposes of their legal relationship with and obligations to each other."); *see also* Cal. Labor Code § 2750.3(d)(1) (codifying standard in new AB5 statute).)

10.

Klug chose to be classified as an independent contractor when she executed the ICA. The ICA clearly and specifically provides that the relationship between Klug and RHSS is that of client and independent contractor. For example, Section 3 of the ICA states in part:

> Section 3. Independent Contractor Relationship. Client and Contractor intend that, to the maximum extent permissible by law:
>
> (a) Contractor shall be deemed to be an independent contractor. Contractor shall be free to devote Contractor's time, energy, effort and skill as is necessary to meet Contractor's obligations under this Agreement. Contractor shall not be required to keep definite office hours or participate in "floor time". Contractor shall not have mandatory duties except those specifically set out in this Agreement. Nothing in this Agreement shall constitute an employment agreement or offer of

employment (by either party), a partnership, a joint venture, or any other form of relationship other than an independent contractor relationship.

(Exh. 1, ICA §§ 11, 15.)

11.

The terms of Klug's engagement, as set forth in the ICA, were consistent with that of an independent contractor. She was required to maintain her real estate license, provide necessary insurance, and was responsible for her own taxes. Klug was free to perform her services in a professional manner of her choosing, with vast amounts of discretion. Klug was entitled to earn commissions in accordance with the schedule on the ICA, based on the results of her work. She was not authorized to bind the Company.

12.

The ICA requires Klug to arbitrate any and all claims "arising out of or relating to" her ICA and services. (Exh. 1, ICA § 11.)

13.

The arbitration agreement is governed by the Federal Arbitration Act, 9. U.S.C. § 1-16. (Exh. 1, ICA § 11.)

14.

In direct contravention of her agreement, Klug filed a complaint with the California Labor Commissioner, claiming that she was an "employee" and is owed tens of thousands of dollars for roughly ten months of work, including minimum wage ($44,520), overtime pay ($30,615), unreimbursed business expenses ($4,300), and waiting time penalties ($5,565), for a total claim against the Company of $85,000.

15.

On September 12, 2019, Klug appeared before the California Labor Commissioner and confirmed that she had executed the ICA and that she was asserting claims relating to her services to RHSS.

16.

Nevertheless, Klug refuses to dismiss her California unpaid wage claims, which are directly contrary to the express terms of her ICA.  As a result, RHSS has been forced to initiate this action in order to enforce the ICA and, more specifically, Klug's agreement to resolve all disputes via binding arbitration.  RHSS brings this action solely to enforce the arbitration agreement and nothing about this filing should be construed as a waiver of RHSS's rights to compel arbitration, which RHSS seeks in concert with this filing.

17.

All conditions precedent for bringing this lawsuit have been performed or waived.

## COUNT I
## <u>DECLARATORY JUDGMENT ENFORCING KLUG'S ARBITRATION AGREEMENT</u>

18.

RHSS realleges and reincorporates the allegations contained in the paragraphs 1-17 above as if fully set forth herein.

19.

Klug contends that she worked for RHSS as an employee, not as an independent contractor, and she refuses to abide by the terms of her ICA, including her agreement for binding arbitration.

20.

Although Klug admits her claims in California are based on her services to RHSS under the ICA, she refuses to dismiss her California claims and refuses to consent to arbitrate those claims.  RHSS contends that Klug is required to abide by her ICA and is required to arbitrate her claims pursuant to the terms of the ICA.

21.

As a result, there is an actual and justiciable controversy between Klug and RHSS regarding enforcement of the ICA and Klug's agreement for binding arbitration.

WHEREFORE, Plaintiff prays as follows:

That the Court enter a declaratory judgment that:

(i) Klug is required to abide by the terms of the ICA;

(ii) Klug is required to arbitrate her claims (if any) related to her services for RHSS under the ICA, including Klug's employment claims filed with the California Labor Commissioner;

(iii) For such other and further relief as this Court deems just and proper.

Respectfully submitted this 19th day of February 2020.

KILPATRICK TOWNSEND
& STOCKTON LLP
1100 Peachtree Street, NE, Suite 2800
Atlanta, Georgia 30309
Telephone (404) 815-6500
Facsimile  (404) 815-6555
spangborn@kilpatricktownsend.com
nmedrozo@kilpatricktownsend.com

/s/ Susan W. Pangborn
Susan W. Pangborn
Georgia Bar No. 735027
Nicole G. Medrozo
Georgia Bar No. 754006

*Attorneys for Plaintiff REALHome Services and Solutions, Inc.*